Date signed December 31, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HERBERT DENVER ESKINS, JR. | : | Case No. 04-22015PM |
| SHARON KAY ESKINS | : | Chapter 7 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| HERBERT DENVER ESKINS, JR. | : | |
| SHARON KAY ESKINS | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 09-0344PM |
| | : | |
| UNITED STATES OF AMERICA | : | |
|   INTERNAL REVENUE SERVICE | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

    This adversary proceeding comes before the court on cross-motions for Summary Judgment on the Complaint filed by Debtors seeking a ruling that Debtors' obligations for federal taxes are extinguished, that Debtors are fully discharged of debts that are allegedly owed to the Internal Revenue Service, as set forth in the proofs of claim, that the levy and distraint of income tax refunds was in violation of the discharge injunction, and that the Defendant should account for all funds intercepted after discharge.

    The papers fully set forth the contentions of the parties. There is no necessity for an oral argument. Inasmuch as this bankruptcy case was filed in 2004, all statutory references are to the

Bankruptcy Code prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

The IRS points out that the 1996, 1997, 1998, and 1999 income tax liabilities were not discharged because the returns were filed long after the due date of the returns and after two years before the date of the filing of the petition. Section 523(a)(1) provided that:

> **11 U.S.C. § 523.  Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> (1) for a tax or a customs duty--
> (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
> (B) with respect to which a return, if required--
> (i) was not filed; or
> (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

Moreover, the IRS asserts that taxes for the years in question were assessed after the petition was filed on May 16, 2004, and would not have qualified as a priority claim under § 507(a)(8)(A) that provided:

> **11 U.S.C. § 507.  Priorities**
>
> (a) The following expenses and claims have priority in the following order:
>
> \*          \*          \*          \*          \*
>
> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--
> (A) a tax on or measured by income or gross receipts--
> (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
> (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

>> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

This court has subject matter jurisdiction over this action against the Internal Revenue Service to enforce the discharge injunction of 11 U.S.C. § 524(a)(2). *Hardy v. United States of America, Acting By and Through the Internal Revenue Service,* 97 F.3d 1384 (CA11 1996); *Ohio v. Kovacs*, 469 U.S. 274 (1985).

Had Debtors continued in a case under Chapter 13 and fully consummated their obligations under a confirmed Plan, the rule of decision in this case would be found in such cases as *Matter of Zieg*, 194 B.R. 469 (BC Neb. 1996), *aff'd,* 206 B.R. 974 (D. Neb. 2007), where a claim similar to the one in question held by the IRS would neither be entitled to a priority status, nor excepted from the super discharge of 11 U.S.C. § 1328(a):

> **11 U.S.C. § 1328.  Discharge**
> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt--
>> (1) provided for under section 1322(b)(5) of this title;
>> (2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title; or
>> (3) for restitution, for a criminal fine, included in a sentence on the debtor's conviction of a crime.

But the problem that the Debtors encounter here is that, while their case was commenced on May 16, 2004, as a case under Chapter 13, it was converted to a case under Chapter 7 on their motion by an Order entered February 28, 2005. In time they received a Chapter 7 discharge that was entered May 24, 2006. The conversion of the case from Chapter 13 to Chapter 7 did not effect a change in the date of the filing of the petition. 11 U.S.C. § 348(a). Contrary to the Debtors' assertion, the IRS did have the option to file a proof of claim in which tax assessments for the years in question were classified as unsecured, nonpriority claims. Had Debtors either filed timely tax returns or remained in Chapter 13, they would not be where they find themselves today.

An appropriate order will be entered.

cc:

Jonathan D. Carroll, Esq., Tax Division U.S. Department of Justice, P.O. Box 227
   Washington, DC  20044

Rod J. Rosenstein, United States Attorney, District of Maryland,
   U.S. Courthouse, Suite 400, Greenbelt  MD 20770

Thomas F. DeCaro., Jr., Esq., 14406 Old Mill Road, #201, Upper Marlboro, MD 20772

**End of Memorandum**